John M. Carter, Esq. Village Attorney, Clayton
This is in response to your request for our opinion concerning the legality of the Village of Clayton's system of issuing courtesy tickets and supplying nickels for expired parking meters.
According to your letter, the Chamber of Commerce of the Village of Clayton furnishes nickels and courtesy tickets to the village police. When the police or parking meter attendants discover a parked vehicle whose meter has expired, a nickel is inserted into the meter to check that it is working and to give the vehicle a half hour of parking time. The courtesy ticket is placed on the vehicle requesting that the nickel be repaid. After the half hour of courtesy time has expired, a parking violation may be issued. The apparent purposes of the program are to avoid penalizing drivers for meters that are not operational and to promote commerce in the village by allowing vehicles a half hour of grace time. The question has arisen whether this practice violates State law.
Regulation and control of streets and highway traffic is a matter of State concern and is the exercise of a governmental function exclusively within the power of the State as sovereign, except to the extent that the Legislature delegates such powers to political subdivisions and municipal corporations (People v Grant, 306 N.Y. 258, 260 [1954]).
The provisions of the Vehicle and Traffic Law are applicable and uniform throughout the State (Vehicle and Traffic Law, § 1600). Local governments are prohibited from enacting or enforcing any local law, ordinance, rule or regulation in conflict with or superseding the Vehicle and Traffic Law unless expressly authorized to do so (ibid.). Section 1604 prohibits municipalities from requiring any motor vehicle operator to pay a "tax, fee, license or permit for the use of the public highways". Municipalities, however, do have the authority to prohibit, restrict or limit the stopping, standing or parking of vehicles. Vehicle and Traffic Law, § 1640(a)(6) provides for this power, and by paragraph (9) of this same subdivision, a village may provide for the installation, operation, maintenance, policing and supervision of parking meters, establish parking limits and designate hours of operation of such meters, and fix the payment of fees applicable to metered parking. In addition, Vehicle and Traffic Law, § 1640(a)(16) contains an omnibus clause empowering a village to adopt such additional reasonable local laws, ordinances, orders, rules and regulations with respect to traffic as local conditions may require, the authorization being subject to the limitations contained in the various laws of the State.
An opinion of the Attorney General (1979 Op Atty Gen 117) has previously held that a municipality may not replace its parking meter system with a coupon system. The immediate case, however, does not involve the replacement of the meter system, but rather, only a modification. The modification, basically consisting of giving vehicles a half hour of grace time, would appear to come under the powers delineated in Vehicle and Traffic Law, § 1640(a)(9), giving municipalities the authority to provide for installation, operation, maintenance, policing and supervision of the meters. If a municipality chooses to have a metering system, they have the authority to operate the system in any reasonable manner.
We have previously concluded that municipalities have the authority to exempt certain classes of vehicles from metering requirements (1971 Op Atty Gen [Inf] 134). The exempt classification may not be arbitrary and must have a substantial and reasonable relation to the accomplishment of a legitimate governmental purpose (Alevy v Downstate Medical Center,39 N.Y.2d 326, 332 [1976]). Furthermore, all persons in the exempt class must be similarly treated, otherwise the classification may be attacked as violative of equal protection rights (Engelsher v Jacobs, 5 N.Y.2d 370,374 [1959]).
Under the present circumstances, the village could be seen as creating an exempt classification, granting an initial half hour of parking time for all vehicles. The purpose is to encourage and facilitate parking, shopping and commerce in the Village of Clayton, and would thus appear to serve a legitimate public purpose. If all members of the class are receiving equal treatment, that is, if everyone gets the free half hour, it is our opinion that there is no basis for challenging the courtesy system. The village has the authority to implement it, and if implemented in a consistent fashion, the program does not run into any constitutional problems.
We conclude that local governments have the authority to implement a parking meter program that grants vehicles whose time has expired a half hour of grace time, as long as the program is implemented nondiscriminatorily.